UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
SONIA DIAZ,                        :     15 Civ. 1602 (AT) (JCF)
                                   :
            Plaintiff,             :        REPORT AND
                                   :      RECOMMENDATION
      - against -                  :
                                   :
AJE MANAGEMENT CORP., EL VIEJO     :   ┌─────────────────────────┐
JOBO RESTAURANT, INC., ARIEL       :   │ USDS SDNY               │
ESPINAL, and JUAN ARIAS,           :   │ DOCUMENT                │
individually,                      :   │ ELECTRONICALLY FILED    │
                                   :   │ DOC #: _____  │
            Defendants.            :   │ DATE FILED: 1/10/17     │
- - - - - - - - - - - - - - - - - -:   └─────────────────────────┘
TO THE HONORABLE ANALISA TORRES, U.S.D.J.:

     The plaintiff, Sonia Diaz, brings this action against AJE

Management Corp., El Viejo Jobo Restaurant, Inc., Ariel Espinal,

and Juan Arias pursuant to the Fair Labor Standards Act (the

"FLSA") and the New York Labor Law (the "NYLL"). The Honorable

Analisa Torres, U.S.D.J., granted judgment by default and referred

the action to me for an inquest. The defendants did not appear

at the inquest, and the following findings are therefore based on

evidence provided by the plaintiff. For the reasons set forth

below, I recommend that the plaintiff be granted $23,094.04 in

unpaid wages plus pre-judgment interest, $16,971.39 in liquidated

damages, and $2,926.95 in attorneys' fees and costs.

Background

Ms. Diaz worked as a cook at El Viejo Jobo Restaurant, also known as AJE Management Corp., a restaurant owned and operated by Ariel Espinal and Juan Arias. (Complaint ("Compl."), ¶¶ 4, 6-11, 26; Affidavit of Sonia Diaz dated March 23, 2016 ("Diaz Aff."), attached as Exh. to Notice of Filing dated Nov. 1, 2016, ¶ 4). She alleges that the defendants willfully violated the FLSA and the NYLL by failing to pay her one and one-half times her regular hourly rate for hours worked in excess of forty hours per week. (Compl., ¶ 2).

In addition to the allegations in the Complaint, the plaintiff supports her application for damages with an affidavit and her testimony at the inquest. Her statements contain numerous inconsistencies regarding the length of her term of employment, hours worked per week, and rate of pay. With respect to her term of employment, the affidavit alleges that she worked at El Viejo Jobo from approximately January 2008 through January 1, 2014.[1] (Diaz Aff., ¶ 4). At the inquest, Ms. Diaz initially testified that she worked at El Viejo Jobo from July 2009 through January

---

[1] The complaint alleges, similarly, that she worked at El Viejo Jobo from "in or about 2008 through December 31, 2013." (Compl., ¶ 26).

2014.  (Tr. at 4-5, 8).[2]  Later, she testified that she worked at El Viejo Jobo for six and one-half years starting in the middle of 2007.  (Tr. at 10, 12).

With respect to hours worked, the Complaint and Ms. Diaz's affidavit state that she worked sixty to seventy-five hours per week.  (Compl., ¶ 30; Diaz Aff., ¶ 5).  Ms. Diaz testified, however, that that she worked fifty-four to seventy hours per week, based on estimates of nine to ten hours per day and six to seven days per week.  (Tr. at 5, 8).  When I asked whether sixty to seventy-five or fifty-four to seventy hours per week was correct, she responded, "Yes, it's 50 to 70 hours."[3]  (Tr. at 8).

With respect to pay, the affidavit alleges that she was paid at a flat rate of $100 per day at all times.[4]  (Diaz Aff., ¶ 5).  She testified, however, that her rate of pay ranged from $80 to $125 per day.  (Tr. at 6).  Initially, she testified that she was paid a flat rate of $80 per day for the first three years of her

---

[2] "Tr." refers to the transcript of the inquest.

[3] I consider this a confirmation that she worked fifty-four to seventy hours per week rather than a new range of fifty to seventy hours per week because fifty-four hours reflects the low end of her estimate that she worked nine to ten hours per day and six to seven days per week.  (Tr. at 5).

[4] The complaint alleges that she was paid at a flat daily rate, but does not allege a specific amount.  (Compl., ¶ 31).

3

employment, until August 2012, when she began receiving a flat rate of $125 per day upon switching to a night shift. (Tr. at 6). Later, she testified that she was paid a flat rate of $100 per day for a period of time in between receiving $80 per day and $125 per day. (Tr. at 9, 11). At different points during her testimony, she assessed that time to be "approximately two months," "about a year," and "about a year and a half." (Tr. at 9-11). Ms. Diaz testified that no records of her employment were kept, she was paid in cash, never received any paystubs, and did not work pursuant to a set schedule. (Tr. at 12).

Discussion

A.   Liability

Where a defendant has defaulted, all of the facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997); Keystone Global LLC v. Auto Essentials, Inc., 12 Civ. 9077, 2015 WL 224359, at *3 (S.D.N.Y. Jan. 16, 2015). The court may also rely on factual allegations pertaining to liability contained in affidavits and declarations submitted by the plaintiff. See, e.g., Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993). Nonetheless, a court is "required to

4

determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." Hood v. Ascent Medical Corp., No. 13 Civ. 628, 2016 WL 1366920, at *14 (S.D.N.Y. March 3, 2016) (alterations in original) (quoting City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011)).

      1.   Overtime

The allegations contained in the plaintiff's submissions establish the defendants' liability. The Complaint alleges that El Viejo Jobo was an enterprise engaged in interstate commerce that had revenue of at least $500,000 annually. (Compl., ¶¶ 15-16). It further alleges that the remaining defendants -- Mr. Espinal and Mr. Arias -- had control over employment practices at the restaurant. (Compl., ¶¶ 8-11). El Viejo Jobo is therefore an "enterprise engaged in commerce" under the FLSA, and the defendants qualify as "employers" under both the FLSA and the NYLL. 29 U.S.C. §§ 203(d), 203(r)(1), 203(s)(1)(A)(i)-(ii); NYLL §§ 190, 198, 651; Herman v. RSR Security Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999) ("[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." (internal citation omitted) (quoting Goldberg v. Whitaker House Cooperative, Inc., 366 U.S. 28, 33 (1961)); Sethi

v. Narod, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) ("District courts in this Circuit 'have interpreted the definition of "employer" under the [NYLL] coextensively with the definition used by the FLSA.'" (quoting Spicer v. Pier Sixty LLC, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010))).  The plaintiff also alleges that she was an employee of El Viejo Jobo.  (Compl., ¶ 26; Diaz Aff. ¶ 4). Thus, the prerequisites for coverage under both the FLSA and NYLL are met.

Both the FLSA and the NYLL provide that a non-exempt employee must be paid one and one-half times his or her regular rate for hours worked in excess of forty hours per week.  29 U.S.C. § 207(a)(1); 12 N.Y. Comp. Codes R. & Regs. § 146-1.4; Coulibaly v. Millenium Super Car Wash, Inc., No. 12 CV 04760, 2013 WL 6021668, at *6 (E.D.N.Y. Nov. 13, 2013).  Though the plaintiff's statements regarding her hours worked and rate of pay are inconsistent, she at all times alleged that she worked more than forty hours per week during every week that she worked for the defendants and that she was not compensated at one and one-half times her regular hourly rate for hours worked in excess of forty hours per week. (Compl., ¶¶ 30-31; Diaz Aff. ¶ 5; Tr. at 5-6, 8-9).  Thus, the plaintiff has established the defendants' liability under the FLSA and NYLL for failure to pay overtime compensation.

2.   <u>Statute of Limitations</u>

The statute of limitations is six years for claims under the NYLL and three years for claims under the FLSA if a defendant's acts are willful.   29 U.S.C. § 255(a); NYLL § 198(3); <u>Angamarca v. Pita Grill 7 Inc.</u>, No. 11 Civ. 7777, 2012 WL 3578781, at *4 (S.D.N.Y. Aug. 2, 2012).   The Complaint, filed on March 4, 2015, properly pleads willfulness (Compl., ¶¶ 2, 22, 44), so the plaintiff may recover under the FLSA for violations that occurred on or after March 4, 2012, and under the NYLL for violations that occurred on or after March 4, 2009.

B.   <u>Damages</u>

Once liability has been established, the plaintiff must provide evidence establishing the amount of damages with reasonable certainty.   <u>Transatlantic Marine Claims Agency</u>, 109 F.3d at 111.   "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the Court should decline to award any damages, even though liability has been established through default."   <u>Lenard v. Design Studio</u>, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

1.   <u>Actual Damages</u>

In assessing actual damages, inconsistencies in the plaintiff's statements should be resolved in favor of the

defendants.   <u>Coulibaly</u>, 2013 WL 6021668, at *7 ("Where a
plaintiff's testimony is found to be inconsistent with
corresponding facts submitted to the court or is otherwise not
credible, the court must resolve the inconsistencies in favor of
the defendant."). Accordingly, the plaintiff should be credited
for working at El Viejo Jobo from July 31, 2009[5] to December 31,
2013 -- the latest start date and earliest end date she alleged.
(Compl., ¶ 26; Tr. at 5, 8). She should be credited for working
sixty-two hours per week -- the average of fifty-four and seventy
hours, the lowest range of hours worked she alleged. (Tr. at 5).
She worked, on average, 6.5 days per week. (Tr. at 5). Her rate
of pay should be set at $80 per day for the first three years of
her employment and at $100 after that -- the lowest rates of pay
she alleged for those time periods. (Diaz Aff., ¶ 5; Tr. at 6).
Her hourly rate was therefore $8.42 while she was making $80 per
day ($80/9.5 hours per day) and $10.53 while she was making $100
per day ($100/9.5 hours per day). She was never paid at the
overtime rate. (Diaz Aff., ¶ 6; Tr. at 7). Applying these dates,

---

[5] The plaintiff did not identify when in July 2009 she started
working for the defendants. Because it is the plaintiff's burden
to establish damages, I recommend using the last day in July.

hours, and rates of pay, the plaintiff has demonstrated damages to
a reasonable certainty.

| | 7/31/09 - 7/31/12 | 8/1/12 - 12/31/13 |
|---|---|---|
| Hourly Rate | $8.42 | $10.53 |
| Overtime Rate | $12.63 | $15.80 |
| Hourly Underpayment | $4.21 | $5.27 |
| Weeks Worked | 156.71 | 74 |
| Overtime Hours/Week | 22 | 22 |
| Unpaid Wages[6] | $14,514.48 | $8,579.56 |
| Actual Damages | $23,094.04 | |

Therefore, I recommend that the plaintiff be awarded $23,094.04 in
actual damages.[7]

### 2.   Liquidated Damages

Both the FLSA and the NYLL provide for liquidated damages.
An employer who violates overtime provisions of the FLSA is liable
for an amount in liquidated damages equal to the amount owed in
compensatory damages.[8]   29 U.S.C. § 216(b); Smith v. Nagai, No. 10

---

[6] Unpaid Wages = Hourly Underpayment x Weeks Worked x Overtime
Hours/Week.

[7] These are the plaintiff's actual damages under the NYLL.
Damages under the FLSA would only cover violations that occurred
on or after March 4, 2012.

[8] The district court has discretion to deny these damages
where an employer shows that "it acted in subjective 'good faith'
with objectively 'reasonable grounds' for believing that its acts
or omissions did not violate the FLSA." Barfield v. New York City
Health and Hospitals Corp., 537 F.3d 132, 150 (2d Cir. 2008)
(quoting 29 U.S.C. § 260).   Here, the defendants did not appear
and thus did not make the required showing.

Civ. 8237, 2012 WL 2421740, at *4 (S.D.N.Y. May 15, 2012).  Under
the NYLL, a prevailing employee is entitled to liquidated damages
in the amount of 100% of unpaid wages accrued on or after April 9,
2011.  NYLL §§ 198(1-a), 663(1); Garcia v. Giorgio's Brick Oven &
Wine Bar, No. 11 Civ. 4689, 2012 WL 3339220, at *4 (S.D.N.Y. Aug.
15, 2012).  For unpaid wages accrued prior to that date, a
successful plaintiff is entitled to liquidated damages in an amount
equal to 25% of unpaid wages.[9]  Inclan v. New York Hospitality
Group, Inc., 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015); see also
Gold v. New York Life Insurance Co., 730 F.3d 137, 143-44 (2d Cir.
2013).

Until earlier this month, courts were split as to whether
plaintiffs were entitled to liquidated damages under both statutes
for the same violations.  The Second Circuit answered that
question in the negative in Chowdhury v. Hamza Express Food Corp.,
__ F. App'x __, 2016 WL 7131854 (2d Cir. 2016) (summary
disposition).  The panel held that the New York State
Legislature's recent amendments to the liquidated damages
provision of the NYLL -- one effective in November 2009, the other
in April 2011, see 2009 N.Y. Sess. Laws ch. 372, amending NYLL §§

---

[9] As under the FLSA, an employer has a "good faith" defense
to the imposition of liquidated damages under the NYLL.  NYLL §
198(1-a).

198(1-a), 663(1); 2010 N.Y. Sess. Laws ch. 564,  amending NYLL §§ 198(1-a), 663(1) -- show an intention  "to conform [the state law provision] as closely as possible to the FLSA's liquidated damages provision."  Chowdhury, __ F. App'x at __, 2016 WL 7131854, at *2. "[W]hatever reasons existed to award liquidated damages under the relevant provisions of both the FLSA and the NYLL before 2010, . . . the subsequent amendments to the NYLL . . . hav[e] eliminated those reasons."[10]  Id.  To be sure, Chowdhury is merely a non-precedential panel opinion, but a district court is ill-advised "to flout germane guidance of a Circuit Court panel and to substitute its own conclusion of law."  United States v. Tejeda, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010); see also Koehler v. Metropolitan Transportation Authority, __ F. Supp. 3d __, __, 2016 WL 6068810, at *3 (E.D.N.Y. 2016) ("Although . . . an unpublished summary order . . . is not binding on this Court, that does not mean that the Court is free to disregard its guidance." (internal citation omitted)); Mendez v. Starwood Hotels & Resorts Worldwide, Inc., 746 F. Supp. 2d 575, 595 (S.D.N.Y. 2010) ("[A] summary order has no precedential effect on any court, although it has to be

_____

[10] Presumably, when Chowdhury refers to the "relevant provisions of . . . the NYLL before 2010," Chowdhury, __ F. App'x at __, 2016 WL 7131854, at *2, it is considering the amendment passed by the state legislature in 2010, which was not effective until April 9, 2011.  See 2010 N.Y. Sess. Laws ch. 564.

deemed some indication of how the Court of Appeals might rule were it to decide the issue in a binding opinion."); cf. United States v. Payne, 591 F.3d 46, 58 (2d Cir. 2010) ("Denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases.").   I therefore recommend following Chowdhury's teaching in this instance and disallowing "stacked" liquidated damages for unpaid wages accrued after April 9, 2011.[11]

---

[11] The reasons courts allowed "stacked" liquidated damages are compelling and derive from the notion that the liquidated damages provision of each statute serves a different purpose.  See Yu Y. Ho v. Sim Enterprises, Inc., No. 11 Civ. 2855, 2014 WL 1998237, at *18 (S.D.N.Y. May 14, 2014); see also Hengjin Sun v. China 1221, Inc., No. 12 Civ. 7135,  2016 WL 1587242, at *3 (S.D.N.Y. April 19, 2016).   Liquidated damages under the FLSA are compensatory, see Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707(1945)("[T]he liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay . . . ."), whereas liquidated damages under the NYLL are punitive, Rodriguez v. Globe Institute of Technology, No. 15 Civ. 1435, 2016 WL 5795127, at *4 (S.D.N.Y. Aug. 10, 2016) ("[U]nder the NYLL [liquidated damages] constitute a penalty to deter an employer's willful withholding of wages due.").   "Because each [liquidated damages] award serves [a] fundamentally different purpose[]," many courts held that "plaintiff[s] may be granted both awards."   Santillan v. Henao, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011).

However, some courts found, as did the Chowdhury panel, that the recent amendments placed "the NYLL and FLSA liquidated damages provision[s] [] 'more directly in line with one another.'" Morales v. Mw Bronx, Inc., No. 15 Civ. 6296, 2016 WL 4084159, at *9 (S.D.N.Y. Aug. 1, 2016) (quoting McGlone v. Contract Callers Inc., 114 F. Supp. 3d 172, 174 (S.D.N.Y. 2015)).   But the 2009 Amendment does not explicitly alter the punitive purpose of the

Under the FLSA, the plaintiff is entitled to liquidated damages in the amount of 100% of her unpaid wages beginning March 4, 2012, or $10,563.48.

|  | 3/4/12 – 7/31/12 | 8/1/12 – 12/31/13 |
|---|---|---|
| Hourly Underpayment | $4.21 | $5.27 |
| Weeks Worked | 21.43 | 74 |
| Overtime Hours/Week | 22 | 22 |
| FLSA Liquidated Damages[12] | $1,984.85 | $8,579.56 |
| Total | $10,564.41 ||

liquidated damages provision. That amendment replaced the requirement that, in order to establish her entitlement to liquidated damages in the amount of 25% of her actual damages, a plaintiff prove that her employer's violation was willful, with a provision that presumed entitlement to a 25% liquidated damages award unless the employer "proves a good faith basis to believe that its underpayment of wages was in compliance with the law." Inclan, 95 F. Supp. 3d at 504-05 (quoting 2009 N.Y. Sess. Laws ch. 372). While the amendment in some ways "conform[ed] New York law to the Fair Labor Standards Act . . . [,] [which] allow[s] workers liquidated damages once they establish that their employer violated the wage law," it primarily adopted a burden shifting tool to remedy the "inherent unfairness of requiring employees . . . [to] further prove [that] the[ir] underpayment was willful." N.Y. Bill Jacket, 2009 A.B. 6963 ch. 372, at 6. Similarly, although the later amendment further brought the NYLL's liquidated damages provision "in line" with the FLSA's parallel provision by increasing the award from 25% of unpaid wages to 100% of unpaid wages, the change appears to have been motivated by a desire to increase deterrence rather than a desire to modify the underlying purpose of the provision. N.Y. Bill Jacket, 2010 S.B. 8380 ch. 564, at 8 ("The penalties currently in place for employers paying less than minimum wage are minimal and offer little deterrent -- this will change dramatically with this[] legislation." (emphasis added)).

[12] FLSA Liquidated Damages = Weeks Worked x Overtime Hours/Week x Hourly Underpayment.

13

Under the NYLL, the plaintiff is entitled to liquidated damages in the amount of 25% of unpaid wages accrued prior to April 9, 2011, and 100% of unpaid wages accrued after that date, or $16,971.39.

|  | 7/31/09 – 4/8/11 | 4/9/11 – 7/31/12 | 8/1/12 – 12/31/13 |
|---|---|---|---|
| Hourly Underpayment | $4.21 | $4.21 | $5.27 |
| Weeks Worked | 88.14 | 68.57 | 74 |
| Overtime Hours/Week | 22 | 22 | 22 |
| Unpaid Wages | $8,163.53 | $6,350.95 | $8,579.56 |
| NYLL Liquidated Damages[13] | $2,040.88 | $6,350.95 | $8,579.56 |
| Total | $16,971.39 | | |

The plaintiff's liquidated damages under the FLSA are duplicative of her liquidated damages under the NYLL starting March 4, 2012 -- they both reflect 100% of the plaintiff's unpaid wages from that date forward.  The NYLL also permits recovery of liquidated damages from the start of the plaintiff's employment at El Viejo Jobo; such liquidated damages under the FLSA are barred by the statute of limitations.  Where "stacked" liquidated damages are not permitted, plaintiff should "recover under the statute that provides the great[er] relief."  Castillo v. RV Transport, Inc., No. 15 Civ. 527, 2016 WL 1417848, at *3 (S.D.N.Y. April 11,

---

[13] NYLL Liquidated Damages before April 9, 2011 = Hourly Underpayment x Weeks Worked x Overtime Hours/Week x 0.25.

NYLL Liquidated Damages starting April 9, 2011 = Hourly Underpayment x Weeks Worked x Overtime Hours/Week.

14

2016).   Therefore, I recommend awarding $16,971.39 in liquidated damages under the NYLL.[14]

C.   Pre-Judgment Interest

The NYLL provides for an award of pre-judgment interest in addition to liquidated damages.   See NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . prejudgment interest as required under the civil practice law and rules, and . . . an additional amount as liquidated damages . . . ."); Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 265 (2d Cir. 1999); Chuchuca v. Creative Customs Cabinets Inc., No. 13 CV 2506, 2014 WL 6674583, at *16 (E.D.N.Y. Nov. 25, 2014).   Pre-judgment

---

[14] Awarding liquidated damages under the NYLL rather than the FLSA is also appropriate here because an award of liquidated damages under the FLSA would preclude the plaintiff from recovering pre-judgment interest.   See Tackie v. Keff Enterprises LLC, No. 14 Civ. 2074, 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014) ("FLSA liquidated damages are also a form of compensatory prejudgment interest," therefore, "courts do not award statutory prejudgment interest on any portion of their recovery for which liquidated damages were awarded under the FLSA"); Yu Y. Ho, 2014 WL 1998237, at *19 ("Federal courts have long held that prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA.").   The NYLL, unlike the FLSA, permits the recovery of liquidated damages and pre-judgment interest. See NYLL § 198(1-a).   The plaintiff's remedies under the NYLL should not be limited simply because she also sought relief under the FLSA.

interest is available on actual damages awarded under the NYLL, but not on liquidated damages. <u>Xochimitl v. Pita Grill of Hell's Kitchen, Inc.</u>, No. 14 Civ. 10234, 2016 WL 4704917, at *18 (S.D.N.Y. Sept. 8, 2016). New York law sets the relevant interest rate at 9% per year. N.Y. CPLR §§ 5001, 5004. Where, as here, the "damages were incurred at various times," the court may compute the interest "upon all of the damages from a single reasonable intermediate date." N.Y. CPLR § 5001(b); <u>see, e.g.</u>, <u>Tackie</u>, 2014 WL 4626229, at *6 ("In wage and hour cases, courts often choose the midpoint of the plaintiff's employment within the limitations period.").

The plaintiff's actual damages under the NYLL total $23,094.04. That is $2,078.46 in interest per year, or $5.69 in interest per day. Ms. Diaz worked at El Viejo Jobo from July 31, 2009 through December 31, 2013, a period of approximately 1,615 days. Accordingly, I recommend awarding pre-judgment interest from October 16, 2011, which is 807 days from the date on which Ms. Diaz began working at El Viejo Jobo.

   D.   <u>Attorneys' Fees and Costs</u>

The FLSA and the NYLL provide for an award of reasonable attorneys' fees and costs to a prevailing plaintiff in a wage-and-hour action. 29 U.S.C. § 216(b); NYLL § 198. District courts

16

have broad discretion when awarding a fee but must clearly and concisely explain the reasons supporting an award. <u>Tackie</u>, 2014 WL 4626229, at *6. "Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." <u>Id.</u> "The plaintiff must produce 'contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.'" <u>Id.</u> (quoting <u>Scott v. City of New York</u>, 626 F.3d 130, 133-34 (2d Cir. 2010)).

The plaintiff seeks attorneys' fees for four timekeepers. Jodi Jaffe, an attorney with over twenty years of litigation experience who founded her own firm in 2011 that focuses primarily on FLSA claims, charges $350 per hour. (Plaintiff's Attorneys' Fees and Costs Affidavit dated Oct. 14, 2016, attached as Exh. to Notice of Filing dated Oct. 14, 2016). Carlos Rivera, Leonela Pataki, and Julianna Vaides, paralegals at Ms. Jaffe's firm, each charge $95.00 per hour. (Time Records, attached as Exh. to Notice of Filing dated Dec. 29, 2016). Those rates are reasonable. <u>See</u> <u>Gonzalez v. Scalinatella, Inc.</u>, 112 F. Supp. 3d 5, 28-29 (S.D.N.Y. 2015) (approving $350 per hour for attorney with ten years of experience and $100 per hour for paralegals).

17

Plaintiff's counsel has provided contemporaneous time records reflecting the hours each timekeeper spent on this case. (Time Records). The plaintiff seeks $2,774.00 in fees for 5.7 hours of Ms. Jaffe's time and 8.2 hours of the paralegals' time. (Time Records). Ms. Jaffe's work consisted primarily of drafting documents in connection with the plaintiff's applications for default judgment, damages, and attorneys' fees.[15] (Time Records, 5/12/2015, 3/18/2016). This is a modest and reasonable number of hours to complete the work done, and I recommend awarding Ms. Jaffe's time in full.

The paralegals' work consisted of various administrative tasks, such as uploading documents, printing, scanning, copying, and filing (<u>e.g.</u>, Time Records, 8/8/2014, 2/10/2015, 3/9/2015, 3/18/2015), as well as drafting documents and talking to Ms. Diaz on the phone (Time Records, 8/6/2014, 2/10/2015). "[T]asks that are 'purely clerical,' such as downloading, scanning, or copying documents and organizing files, [are] generally not compensable, whether performed by an attorney or a paralegal." <u>Siegel v. Bloomberg L.P.</u>, No. 13 Civ. 1351, 2016 WL 1211849, at *7 (S.D.N.Y. March 22, 2016); <u>see also</u> <u>Kahill v. Original Old Homestead</u>

---

[15] Ms. Jaffe did not bill time for any work after March 18, 2016, including her appearance at the inquest.

Restaurant, Inc., 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009).  A majority of the paralegals' time was spent on such tasks.  Because some non-clerical tasks were block-billed with non-compensable clerical tasks (Time Records, 2/10/2015), I recommend a 60% reduction in the paralegals' total hours rather than simply excluding hours spent on those tasks.  This leads to an award of 3.28 hours of paralegal time.  Thus, I recommend that the Court award $1,995 ($350 x 5.7 hours) for Ms. Jaffe's work and $311.60 ($95 x 3.28 hours) for the paralegals' work, totaling $2,306.60 in attorneys' fees.

As to costs, the plaintiff seeks recovery of $620.35 for postage, printing, and fees for filing the complaint and for service of process.  (Costs Records, attached as Exh. to Notice of Filing dated Dec. 29, 2016).  Each of these items is a compensable cost.  Siegel, 2016 WL 1211849, at *15; Cho v. Koam Medical Services P.C., 524 F. Supp. 2d 202, 211-12 (E.D.N.Y. 2007).  Accordingly, I recommend that the plaintiff be awarded $620.35 in costs.

Conclusion

For the reasons discussed above, I recommend that judgment be entered against the defendants AJE Management Corp., El Viejo Jobo Restaurant, Ariel Espinal, and Juan Arias, jointly and severally,

19

for: $23,094.04 in actual damages, which will accrue interest at a rate of $5.69 per day from October 16, 2011, until the date judgment is entered; $16,971.39 in liquidated damages; and $2,926.95 in attorneys' fees and costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Analisa Torres, Room 2210, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York, 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         January 10, 2017

Copies transmitted this date to:

Jodi J. Jaffe, Esq.
Jaffe Glenn Law Group, PA
Lawrence Office Park
Building 2, Suite 220
168 Franklin Corner Rd.
Lawrenceville, NJ 08648

Juan Arias
231 Sherman Ave.
New York, NY 10034

El Viejo Jobo
231 Sherman Ave.
New York, NY 10034

AJE Management Corp.
231 Sherman Ave.
New York, NY 10034

Ariel Espinal
231 Sherman Ave.
New York, NY 10034